UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **MANUEL CRESPO and SEBASTIAN BLANCO,**<br>   *Plaintiffs* | Civil Action No. |
| vs. | **COMPLAINT** |
| **ALONSO CONSTRUCTION, INC. and JUAN J. ALONZO,**<br>   *Defendants* | |

## INTRODUCTION

This complaint arises out of the defendants' violation of The Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. ("FLSA"); and Massachusetts Fair Wage Laws, Mass. G.L. ch. 151, § 1A. The defendants' violations of the FLSA and the Massachusetts statute arise out of the failure to pay overtime wages.

## PARTIES

1.    Plaintiff, Manuel Crespo resides at 36 Prospect Street, Athol, Commonwealth of Massachusetts.

2.    Plaintiff, Sebastian Blanco resides at 158 Prichard Street, Fitchburg, Commonwealth of Massachusetts.

3.    Defendant, Alonzo Construction, Inc. is a corporation, licensed to do business in the Commonwealth of Massachusetts with its principal place of business at 134 Crawford Street, Fitchburg, Massachusetts.

4.    Defendant, Juan J. Alonzo is the president and treasurer of Alonzo Construction, Inc. and an employer pursuant to the FLSA and the Massachusetts Fair Wage Laws. He is a

registered agent for service of process and he resides at 101 Ridgewood Dr. Leominster, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the subject matter pursuant to 28 U.S.C. §1331; 29 U.S.C. §216(b) and 28 U.S.C. §1367.

6. The corporate defendant has a place of business in this district and is subject to personal jurisdiction here. The individual defendant resides in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because the defendants reside in and are subject to personal jurisdiction in this district.

## FACTS

8. At all times relevant to this Complaint, the plaintiffs were employed by the defendants in the business of construction and in the business of leasing, cleaning and transporting portable toilets.

9. The plaintiffs were paid and had always been paid by the defendants at an hourly wage rate of between $12.00 and $14.00 per hour.

10. The defendants monitored the hours the plaintiffs worked by way of time cards.

11. At all times relevant to this Complaint, the Plaintiffs were paid their regular hourly rate of pay by the Defendants by payroll check for the first 40 hours of work each week.

12. During each week relevant to this Complaint in which the Plaintiffs worked overtime, the Defendants paid the Plaintiffs in cash and only at the Plaintiffs regular hourly rate of pay.

13. During the entire period covered within the limitations of this action, the Plaintiffs worked, on average, thirty-five (35) overtime hours per week.

14. The overtime hours referred to in paragraph 13 were paid to the Plaintiffs in cash and at the plaintiffs' regular hourly rate of pay.

15. The plaintiffs are not exempt from the overtime pay provisions of FLSA.

16. The plaintiffs are entitled to receive overtime pay for hours worked in excess of forty hours in each week.

17. The defendants are required to pay the plaintiff overtime in the amount of one and one half times their regular hourly wages.

18. On or about February 20, 2008, plaintiff Sebastian Blanco filed suit in Massachusetts District Court, Fitchburg Division, Docket No. 0816 CV 0139, alleging violations of the Massachusetts Fair Wage Laws. Upon information and belief, the case is still pending in state court.

## COUNT I
### (FLSA )

19. The plaintiffs incorporate by reference the preceding allegations set forth above.

20. The defendants willfully violated FLSA by failing to pay the plaintiffs overtime wages at one and one half times plaintiffs' regular rate of pay.

**COUNT II**
**( Violation of G.L. c. 151, §1A)**

21.     The plaintiffs incorporate by reference the preceding allegations set forth above.

22.     The defendants failure to pay the plaintiffs an overtime rate of compensation of one and one half times the regular rate at which they were employed for work weeks longer than 40 hours constitutes a violation of Massachusetts General Laws, Chapter 151, §1A.

23.     Pursuant to M.G.L. c. 151, §1B, defendants are liable to the plaintiffs for three times the full amount of such overtime rate of compensation, less any amount actually paid to them, together with attorneys fees and costs.

**Claims for Relief**

WHEREFORE, Plaintiffs respectfully request the Court:

A.      Judicially notice the filing of a Complaint in state court on February 20, 2008 by plaintiff Sebastian Blanco in docket No. 0816cv0139 in determining the limitations periods for his causes of action.

B.      Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA, and award those damages against the defendants, jointly and severally, and in favor of the plaintiff , plus an additional amount as liquidated damages pursuant to 29 U.S.C. §§216 (b),(c) and such prejudgment interest as may be allowed by law;

C.      Award the plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees;

      D.      Determine the damages sustained by the plaintiff as a result of defendant's violations of Massachusetts law, and award those damages against the defendant and in favor of the plaintiff and such prejudgment interest as the law may allow;

      E.      Award the plaintiffs treble damages under Count II.

      F.      Award the plaintiffs their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees; and

      G.      Grant the plaintiffs such other and further relief as the Court may deem just and proper.

Dated: July 3, 2008

PLAINTIFFS,
MANUEL CRESPO and SEBASTIAN BLANCO
By Their Attorney,

   Terrence A. Low
TERRENCE A. LOW, ESQUIRE
BBO#544163
244 BRIDGE STREET
Springfield, MA 01103
T: (413) 785-1510
F: (413) 736-5640
terry@terryalow.com