UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| MANUEL CRESPO and SEBASTIAN BLANCO, Plaintiffs, v. JUAN J. ALONSO and ALONSO CONSTRUCTION, INC., Defendants. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 08-40129 FDS |

## ALONSO'S MEMORANDUM IN SUPPORT OF ALONSO'S RULE 12(b)(6) MOTION TO DISMISS CLAIMS OF SEBASTIAN BLANCO

NOW COME the Defendants, Alonso Construction, Inc. ("ACI") and Juan J. Alonso ("Mr. Alonso") (collectively, ACI and Mr. Alonso are referred to as "Alonso") and, pursuant to Fed. R. Civ. P. Rule 12(b)(6) and LR, D. Mass. 7.1 submit this Memorandum in support of Alonso's Rule 12(b)(6) Motion To Dismiss Claims Of Sebastian Blanco ("Blanco").

As reasons therefore, Alonso states Blanco previously asserted, or could have asserted, identical claims against ACI in the Commonwealth Of Massachusetts, District Court Department, Fitchburg Division, which claims were dismissed with prejudice pursuant to Mass. R. Civ. P. Rule 37 and Mass. R. Civ. P. Rule 41 based on Blanco's contempt of court and, accordingly, Blanco's claims are barred by the doctrine of claim preclusion.

### I.    FACTS AND PROCEDURAL HISTORY

On or about February 25, 2008, Blanco filed his complaint in that certain action captioned <u>Blanco v. Alonso Construction, Inc.</u>, C.A. No. 0816 CV 0139 (the "State

Action") in the Commonwealth Of Massachusetts, District Court Department, Fitchburg Division seeking unpaid wages and alleging violations by ACI of Mass. Gen. L. c. 149, § 150 and Mass. Gen. L. c. 151, §§ 1A, 1B and 20.[1]  See Exhibit 1; see also Complaint, Paper No. 1, at ¶ 18.  ACI filed a timely Answer in the State Action on or about March 27, 2008 and served interrogatories and requests for production of documents upon Blanco, through Blanco's counsel, on the same date.  See Exhibit 2.

Based on Blanco's failure to respond to discovery, on May 13, 2008, ACI brought a motion to compel same ("Motion To Compel").  On May 23, 2008, the Hon. Andrew Mandell allowed ACI's Motion To Compel and ordered Blanco to respond to ACI's discovery requests by July 8, 2008.  When Blanco failed to comply with the order of Judge Mandell, ACI filed a motion seeking the dismissal of the State Action with prejudice ("Motion To Dismiss").  See Exhibit 3.  A hearing on ACI's Motion To Dismiss was held on September 19, 2008.

After ACI's Motion To Compel but before the hearing on ACI's Motion To Dismiss, Blanco, through new counsel, initiated the instant case (the "Federal Action"). The Federal Action alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and Mass. Gen. L. c. 151, § 1A and arises out of the same facts and circumstances as Blanco's State Action.  See Exhibit 1 and Complaint, Paper No. 1.

At the hearing on ACI's Motion To Dismiss, Blanco's counsel opposed the involuntary dismissal of Blanco's claims in the State Action and, in the alternative,

---

[1] The statutes, part of the Massachusetts Fair Wage laws, require the payment of overtime compensation to employees working more than forty (40) hours per week, Mass. Gen. L. c. 151, § 1A; provide for civil and criminal penalties against employers who fail to pay statutorily prescribed overtime, Mass. Gen. L. c. 151, § 1B; the right of employees or the Massachusetts Attorney General to seek damages for violations of Massachusetts wage laws, Mass. Gen. L. c. 149, § 150; and the recovery of damages by employees who are paid less than the prescribed minimum wage by employers, Mass. Gen. L. c. 151, § 20.

moved for a voluntary dismissal without prejudice under Mass. R. Civ. P. Rule 41(a)(2). Specifically, Terrence A. Low, Esq., filed a Motion For Voluntary Dismissal And Opposition To Defendant's Motion To Dismiss ("Blanco's Motion") on the day of the September 19, 2008 hearing before Judge Mandell. See Exhibit 4.

Judge Mandell ruled in favor of ACI on ACI's Motion To Dismiss and denied Blanco's Motion. See Exhibits 3 and 4. However, in allowing ACI's Motion To Dismiss, Judge Mandell made the following endorsement:

> 9/19/08
> No discovery has been provided despite my order. The [Plaintiff] has filed a similar action in Fed. Ct. Without adjudicating the merits of the claim this motion is allowed.

See Exhibit 3.

## II.   **LEGAL STANDARD**

The decision of Judge Mandell to dismiss Blanco's claims in the State Action with prejudice must be given full faith and credit by this court. Lynch v. Board Of State Examiners Of Electricians, 218 F. Supp. 2d 3, 5 (D. Mass. 2002) ("Federal courts must thus 'treat a state court judgment with the same respect that it would receive in the courts of the rendering state'") (citations omitted). When applying issues of claim preclusion to a case previously filed and dismissed in state court, "the federal court must apply the claim preclusion principles of the state that rendered judgment." Id. (citing Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir., 2000).

In Massachusetts, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or could have been adjudicated in the action." Heacock v. Heacock, 402 Mass. 21, 23 (1988). The defense of claim preclusion requires the defendant to show

"(1) a final judgment on the merits in an earlier suit; (2) sufficient identicality between the causes of action in the two suits; and (3) sufficient identicality between the parties in the two suits." Minarik Elec. Co. v. Electro Sales Co., Inc., 223 F. Supp 2d 334, 337 (D. Mass. 2002) (citations omitted).

If claim preclusion is established, "all matters that were or that could have been adjudicated in the earlier action on the claim are considered to have been finally settled by the first judgment." Pisnoy v. Ahmed (In Re: Sonus Networks, Inc.), 499 F.3d 47, 56 (1st Cir., 2007) (citing Kobrin v. Board Of Registration In Medicine, 444 Mass. 837, 842 (2005)).

A motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6) is an appropriate means of raising the issue of claim preclusion. Lynch, 218 F. Supp. 2d at 6 (so long as the plaintiff is given an adequate opportunity to respond, it is "appropriate to consider res judicata on a motion to dismiss"); Diaz-Buxo v. Monge, 593 F.2d 153 (1st Cir. 1979) cert. denied 444 U.S. 833 (1979).  Further, documents other than the complaint, such as a prior judgment against the plaintiff, which are public records and/or are referenced in the plaintiff's new complaint, may be considered by the court in deciding the motion to dismiss.  Lynch, 218 F. Supp. 2d at 7, fn. 7 (citing Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) and noting Lynch specifically referred to Massachusetts state court proceedings in the body of his federal complaint).

## III.   ARGUMENT

(A)   *The State Action Was Decided*
      *"On The Merits" For Purposes Of Claim Preclusion*

The dismissal of a case as a discovery sanction constitutes a final judgment on the merits in Massachusetts. Dawe v. Capital One Bank, 456 F. Supp. 2d 236, 240 (D. Mass.

2006) (dismissal of defendant's prior state court collections action for failure to respond to discovery constituted an adjudication on the merits) (citing Mass. R. Civ. P. Rule 41(b)(3)).  Mass. R. Civ. P. Rule 41(b)(3) provides:

> Unless the dismissal is pursuant to paragraph (1) of this subdivision (b) [on court's own motion for lack of prosecution], or unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Mass. R. Civ. P. Rule 41(b)(3).

A detailed discussion of the confusion surrounding the phrase "on the merits" appears in the Pisnoy case.  Pisnoy, 499 F.3d at 57 – 62.  The court acknowledged the phrase "on the merits" does not require "passing directly on the substance of the claim," and concluded "reaching the 'merits' of the claim is no longer determinative of whether the claim should be precluded."  Id. at 58 (citations omitted).  In fact, "'an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted.'"  Id. (citing 18A Charles A. Wright et al., *Federal Practice & Procedure* § 4435 (2d ed. 2002)).

Relying on the decision in Semtek International, Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), the court went on to state "the 'primary meaning' of the language of Rule 41(b) is to define the effect of a dismissal on subsequent attempts to revive the same action that was dismissed, rather than its effect on cases filed in other jurisdictions."  Pisnoy, 499 F.3d at 59 (citing Semtek International, Inc., 531 U.S. at 505-506) (emphasis supplied).

In other words, if Blanco may not re-file his action in state court, he may not pursue the same claims in this forum.  "'Under federal law, a federal court must give to a

state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered.'" Dawe, 456 F. Supp. 2d at 239 (citing Torromeo v. Town Of Fremont, N.H., 438 F.3d 113, 115-116 (1st Cir. 2006)).

Blanco would not be permitted to re-file his claims against Alonso in state court. Blanco's case was involuntarily dismissed based on his contempt of court. Judge Mandell dismissed the State Action with prejudice despite Blanco's Motion for a dismissal without prejudice.

Judge Mandell's dismissal of the State Action was "on the merits" within the meaning of Mass. R. Civ. P. Rule 41 despite his notation he did not "adjudicate the merits" of Blanco's case. Although there was no factual determination of the merits of Blanco's claim, Blanco could not re-file his case in a Massachusetts state court because the dismissal was both involuntary and with prejudice. Blanco has not appealed Judge Mandell's dismissal. This falls squarely under Mass. R. Civ. P. Rule 41(b)(3).

Accordingly, the dismissal of the State Action was "on the merits" for purposes of claim preclusion.

(B)     *Identity Of The Causes Of Action*

In both the State Action and the Federal Action, Blanco seeks damages for overtime wages allegedly withheld by Alonso. Clearly, Blanco brought a claim against ACI, and could have asserted an identical claim against Mr. Alonso[2], under Mass. Gen. L. c. 151, § 1A in the State Action. See Exhibit 1 at ¶ 8. Blanco attempts to bring an identical cause of action in the Federal Action. See Complaint, Paper No. 1 at ¶¶ 21 – 23.

Blanco's current claim under Mass. Gen. L. c. 151, § 1A is precluded as it was dismissed "on the merits" in the State Action.

---

[2] See § III(C), infra.

Blanco's addition of a claim under 29 U.S.C. §§ 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), arises out of the same facts alleged in the State Action. The fact Blanco is prepared to argue an alternate theory of recovery is unavailing. Heacock, 402 Mass. at 23; Lynch, 218 F. Supp. 2d at 5-6. There is no doubt Blanco could have raised his FLSA claims in the State Action. See, e.g., Prime Communications Inc. v. Sylvester, 34 Mass. App. Ct. 708 (1993) (FLSA claims brought in state court).

Accordingly, Blanco's claim under the FLSA constitutes a "matter[] that w[as] or that could have been adjudicated in the earlier action on the claim [and is] considered to have been finally settled by the first judgment." Pisnoy, 499 F.3d at 56 (citing Kobrin, 444 Mass. at 842 (2005)).

(C)     *Identity Of The Parties*

Blanco and ACI were clearly parties to the State Action. See Exhibit 1. The addition of new parties in the Federal Action does not bar dismissal of Blanco's complaint. The addition of a new plaintiff, Manuel Crespo, in the Federal Action, is irrelevant to Blanco's claims. Heacock, 402 Mass. at 24 (claim preclusion requires only that "'the party to be precluded has had the incentive and opportunity to litigate the matter in the first lawsuit'") (citing Foster v. Evans, 384 Mass. 687, 696 n.10 (1981)). Blanco clearly had, and squandered, the opportunity to litigate his claims against ACI and, as will be demonstrated below, Mr. Alonso, in the State Action.

Mr. Alonso could have been made a party to the State Action as president of ACI. See Mass. Gen. L. c. 149, § 148 ("The president and treasurer of a corporation and any officers having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section"). The State

Action specifically invoked Mass. Gen. L. c. 149.   Indeed, Blanco's current complaint acknowledges Mr. Alonso's amenability to suit under Massachusetts law.   See Complaint, Paper No. 1 at ¶ 4 ("Defendant, Juan J. Alonzo [sic] is the president and treasurer of Alonzo [sic] Construction, Inc. and an employer pursuant to the FSLA and the Massachusetts Fair wage Laws").

Accordingly, for purposes of claim preclusion, the parties to Blanco's Federal Action and State Action are identical.

## IV.   **CONCLUSION**

WHEREFORE, the Defendants Alonso Construction, Inc. and Juan J. Alonso request the Court dismiss with prejudice all claims asserted by Plaintiff Sebastian Blanco; and/or such other relief as this Court deems just and proper.

JUAN J. ALONSO and
ALONSO CONSTRUCTION, INC.
By their attorneys,


/s/ Francis A. Shannon, III
Francis A. Shannon, III, Esq.
BBO # 560651
James N. Worden, Esq.
BBO # 647040
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA 02114
(617) 263-1313

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 11th day of November, 2008.

/s/ Francis A. Shannon, III,
Francis A. Shannon, III, Esq.
James N. Worden, Esq.

1002:049:memodismiss

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

FITCHBURG DISTRICT COURT
C.A. NO. New Filing

SEBASTIAN BLANCO,      )
     Plaintiff         )
                 )
                 )
v.            )
                 )
ALONSO CONSTRUCTION, INC.      )
Defendant.         )
                 )

## COMPLAINT

### THE PARTIES

1. The plaintiff, Sebastian Blanco is an individual residing at 158 Prichard Street, #7, Fitchburg, MA 01420.

2. The defendant, Alonso Construction, Inc. dba as Alonso Construction Company, ACC Construction and Airport John is an entity licensed to do business in Massachusetts with a usual place of business at 134 Crawford Street, Fitchburg, Massachusetts.

### THE FACTS

3. On or about June 4, 2003, the plaintiff began his employment with the defendant.

4. The plaintiff last performed work for the defendant on or about June 7, 2007.

5. Between June 4, 2003 and June 7, 2007 the plaintiff worked for the defendant for approximately 154 weeks.

6. During the time of his employment, Mr. Blanco worked between 0 and 50 hours

overtime each week.

7.  At no time during his employment with the defendant, Alonso Construction, Inc., was the Plaintiff paid more than his regular rate of pay for the overtime he performed.

CAUSE OF ACTION
(Each Cause of Action Specifically Incorporates
by Reference All of Those Paragraphs
Previously Set Forth)

First Cause of Action

8.  This is a cause of action by the plaintiff, Sebastian Blanco against the defendant, Alonso Construction, Inc for failure to compensate the Plaintiff for overtime pursuant to Massachusetts General Laws, Chapter 149, Section 150, Massachusetts General Laws Chapter 151, Section 1A, Massachusetts General Laws, Chapter 151, Section 1B and Massachusetts General Laws, Chapter 151, Section 20.

DEMANDS FOR RELIEF

A.  The plaintiff, Sebastian Blanco, demands judgment against the defendant, Alonso Construction, Inc., together with treble damages, interest, attorney fees and costs as to the First Causes of Action.

Plaintiff, Sebastian Blanco,
by his attorneys,

James C. Bradbury, Esq.
Amabile & Burkly PC
51 Union Street, Suite 101
Worcester, MA 01608
BBO#: 637128
Date: 02/20/08

# EXHIBIT 2

Shannon Law Associates, Inc.

March 27, 2008

James C. Bradbury, Esq.
Amabile & Burkly, P.C.
51 Union Street, Suite 101
Worcester, MA 01608

      RE:   Sebastian Blanco v.
              Alonso Construction, Inc.
              <u>Fitchburg District Court, Docket No. 0816 CV 0139</u>

Dear Mr. Bradbury:

Please find the following enclosed with regard to the above-referenced matter:

1. Alonso's First Set Of Interrogatories To Blanco; and
2. Alonso's First Request For Production Of Documents To Blanco.

Thank you.

              Very truly yours,

              Francis A. Shannon, III

FAS/ms
enclosures
cc:   Mr. Juan J. Alonso, Alonso Construction, Inc.
1002:046:03-27JCB

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

District Court Department
   of the Trial Court
Fitchburg Division
Docket No. 0816 CV 0139

---

| | |
|---|---|
| SEBASTIAN BLANCO, <br>     Plaintiff, <br><br> v. <br><br> ALONSO CONSTRUCTION, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

---

## ALONSO'S FIRST SET OF INTERROGATORIES TO BLANCO

Pursuant to Mass. R. Civ. P. Rules 26 and 33, Alonso Construction, Inc. ("Alonso") submits the following Interrogatories to be answered under oath within forty-five (45) days by Sebastian Blanco ("Blanco").

## DEFINITIONS

For the purpose of these Interrogatories, the following terms are defined as follows:

1. "Person(s)" means any individual, firm, partnership, corporation, unincorporated association, and any other legal or commercial entity.

2. "You" and "Your" and "Blanco" means the Plaintiff Sebastian Blanc and where appropriate his representatives, agents, attorneys, and/or consultants.

3. "Alonso" means Alonso Construction, Inc. and where appropriate its officers, directors, employees, representatives, agents, attorneys, consultants and/or contractors.

4.    "Document" or "Documents" wherever used, shall be used in the broadest sense, and without limiting the generality of the foregoing, shall include all writings of any kind including originals and/or any non-identical copies, whether different from the originals by reason of any notations on such copies or otherwise, including without limitation, memoranda, correspondence, transcriptions, reports, brochures, pamphlets, manuals, instructions, circulars, journals, ledgers, printed or typed matter, financial statements, statements of account, bank statements, invoices, bills, schedules, tables, books, records, notes, applications, forms, drawings, graphs, charts, cables, telexes, telegrams, photographs, slides, film, microfilm, tapes, recordings, diaries, desk calculations, test results, laboratory reports or records, computer printouts and every type of data compilation, all forms of computer storage and retrieval, contracts, agreements, or any amendments thereof, and all written, printed, typed or other graphic matter of any kind.

5.    "Identify", "identity" or "identification" with respect to an individual shall require that the following information be provided for each person:

    a.    the name of such person;

    b.    the last known address of each such person;

    c.    the employer and job title of each such person at the time referred to in any such answer to these said interrogatories or parts thereof; and

    d.    the present job title and employer of each such person if different from (c) above.

6.    "Identify", "identity" or "identification" when used in reference to a firm, partnership, incorporated or unincorporated association, or other legal or commercial entity means to state:

      a.      its name; and

      b.      its present or last known address.

7.    "Identify", "identity" or "identification" with respect to a document shall require that the following information be provided for each such document:

      a.      the general character of the document, such as, for example, a letter, memorandum, report, contract, etc...; and

      b.      the date of the document and its identification by signature, addressee, author, and whether an original or reproduced copy.

8.    Pursuant to Mass. R. Civ. P. Rules 26 and 33, Diaz is directed to supplement, amend and/or expunge any and all answers to these Interrogatories as Blanco becomes aware of same.

## INTERROGATORIES

### Interrogatory No. 1

Identify the person(s) answering these Interrogatories by stating your name, residential address, age, social security number, and, if applicable, the person's official position or relationship with the party to whom these Interrogatories are directed.

### Interrogatory No. 2

State the date You first realized Alonso failed to pay You for overtime.

### Interrogatory No. 3

For each calendar day worked, state the following:

      a.      the number of hours for which You failed to receive payment;
      b.      whether the hours were overtime hours or regular hours; and
      c.      the amount You claim is due.

### Interrogatory No. 4

For how many days do You allege Alonso owes You money?

ALONSO CONSTRUCTION, INC.
By its attorneys,

Francis A. Shannon, III, Esq.
BBO # 560651
Shannon Law Associates, Inc.
One Bowdoin Square, Ninth Floor
Boston, MA  02114
(617) 263-1313

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a true copy of the above document upon the following party by first class mail, postage prepaid, this 27 day of March, 2008:

James C. Bradbury, Esq.
Amabile & Burkly, P.C.
51 Union Street, Suite 101
Worcester, MA 01608

Francis A. Shannon, III, Esq.

1002:046:ints

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

District Court Department
of the Trial Court
Fitchburg Division
Docket No. 0816 CV 0139

|  |  |
|---|---|
| SEBASTIAN BLANCO,<br>        Plaintiff,<br><br>v.<br><br>ALONSO CONSTRUCTION, INC.,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ALONSO'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO BLANCO

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure, Alonso Construction, Inc. ("Alonso") requests the Plaintiff Sebastian Blanco ("Blanco") produce for inspection, copying and examination each of the following documents and tangible items which are in the possession, custody and/or control of Blanco.  Such production is to be made by providing access to the tangible items and by sending copies of such documents to Alonso's attorney by mail, postage prepaid, such mailing to be postmarked prior to the thirtieth day following service of said Request.

This demand is to include all after acquired documents and tangible items of the type made reference to in this Request.  Blanco is therefore requested to update this production of documents and tangible items by forwarding copies to Alonso's attorney of any such newly acquired documents.

## DEFINITIONS

For the purpose of this Request, the following terms are defined as follows:

1. "Person(s)" means any individual, firm, partnership, corporation, unincorporated association, and any other legal or commercial entity.

2. "You" and "Your" and "Blanco" means the Plaintiff Sebastian Blanc and where appropriate his representatives, agents, attorneys, and/or consultants.

3. "Alonso" means Alonso Construction, Inc. and where appropriate its officers, directors, employees, representatives, agents, attorneys, consultants and/or contractors.

4. "Document" or "Documents" wherever used, shall be used in the broadest sense, and without limiting the generality of the foregoing, shall include all writings of any kind including originals and/or any non-identical copies, whether different from the originals by reason of any notations on such copies or otherwise, including without limitation, memoranda, correspondence, transcriptions, reports, brochures, pamphlets, manuals, instructions, circulars, journals, ledgers, printed or typed matter, financial statements, statements of account, bank statements, invoices, bills, schedules, tables, books, records, notes, applications, forms, drawings, graphs, charts, cables, telexes, telegrams, photographs, slides, film, microfilm, tapes, recordings, diaries, desk calculations, test results, laboratory reports or records, computer printouts and every type of data compilation, all forms of computer storage and retrieval, contracts, agreements, or any amendments thereof, and all written, printed, typed or other graphic matter of any kind.

5. To the extent that any document falling within the requests below have been destroyed, lost or misplaced, please identify those documents by type, author, date,

number of pages and the date and manner in which the document was destroyed, lost or misplaced.

## DOCUMENTS WITHHELD

6.  With respect to any requested document which you refuse to produce in response to this Request for Production please state:

    a.    the full identity of the document including:

        i.    the date of the document;

        ii.    its title (if any);

        iii.    its authors, addressees, recipients or parties;

        iv.    the nature of the document (i.e.: letter, memorandum, etc...);

        v.    the individual or source from whom or which you obtained it; and

        vi.    its present location and identity of its custodian.

    b.    whether your objection or refusal is directed to the entire document or part thereof;

    c.    if your objection or refusal goes to part of the document(s), specify the specific part(s) of the document(s) to which your objection or refusal is directed;

    d.    the specific factual basis which gives rise to the objection or refusal; and

    e.    the specific legal ground on which the objection or refusal is based.

7.  With respect to any requested tangible item which you refuse to produce in response to this Request for Production please state:

    a.    the full identity of the tangible item including:

b.     a description of the item; and

c.     its present location and identity of its custodian.

## DOCUMENTS TO BE PRODUCED

### Request No. 1

All Documents between Blanco and Alonso.

### Request No. 2

All Documents between Blanco and any Person or entity regarding Blanco's employment at Alonso.

### Request No. 3

All Documents which support Your allegation at Paragraph 5 of the Complaint that "between June 4, 2003 and June 7, 2007 the plaintiff worked for the defendant."

### Request No. 4

All Documents which support Your allegation at Paragraph 6 of the Complaint that "[d]uring the time of his employment, Mr. Blanco worked between 0 and 50 hours overtime each week."

### Request No. 5

All Documents which support the amount You allege is owed by Alonso.

### Request No. 6

All Your federal and state tax returns including all schedules for the calendar years 2003 through 2007.

### Request No. 7

All Documents relating to Your collection of unemployment benefits during the calendar years 2003 through 2007.

### Request No. 8

All Documents by and/or between You and any government authority relating to your claim against Alonso.

**Request No. 9**

All your bank statements for calendar year 2003 through 2007.

**Request No. 10**

All Documents upon which Blanco intends to rely at Trial.

                                        ALONSO CONSTRUCTION, INC.
                                        By its attorneys,

                                        _____
                                        Francis A. Shannon, III, Esq.
                                        BBO # 560651
                                        Shannon Law Associates, Inc.
                                        One Bowdoin Square, Ninth Floor
                                        Boston, MA  02114
                                        (617) 263-1313

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a true copy of the above document upon the following party by first class mail, postage prepaid, this 27 day of March, 2008:

James C. Bradbury, Esq.
Amabile & Burkly, P.C.
51 Union Street, Suite 101
Worcester, MA 01608

                                        _____
                                        Francis A. Shannon, III, Esq.

1002:046:docreq

# EXHIBIT 3

Shannon Law Associates, Inc.

September 4, 2008

Civil Clerk's Office
Fitchburg District Court
100 Elm Street
Fitchburg, MA 01420

      RE:   Blanco v.
              Alonso Construction, Inc.
              <u>Fitchburg District Court, Docket No. 0816 CV 0139</u>

Dear Clerk:

Please find the following enclosed for filing with regard to the above-referenced matter:

1. Alonso's Motion And Combined Memorandum To Dismiss Plaintiff's Complaint For Failure To Comply With Court's May 23, 2008 Order ("Motion"); and
2. Affidavit Of Notice And Certificate Of Service.

Please schedule a hearing on said Motion for Friday, September 19, 2008 at 9:00 a.m. in accordance with the Affidavit Of Notice And Certificate Of Service.

Thank you.

Very truly yours,

Francis A. Shannon, III

FAS/ms
enclosures
cc:   Mr. Juan J. Alonso, Alonso Construction, Inc.
      James C. Bradbury, Esq.
1002:046:09-04court

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

District Court Department
of the Trial Court
Fitchburg Division
Docket No. 0816 CV 0139

SEBASTIAN BLANCO, )
Plaintiff, )
)
v. )
)
ALONSO CONSTRUCTION, INC., )
Defendant. )
)

**ALONSO'S MOTION AND COMBINED
MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT
FOR FAILURE TO COMPLY WITH COURT'S MAY 23, 2008 ORDER**

NOW COMES the Defendant Alonso Construction, Inc. ("Alonso") and requests

this Court enter an order dismissing with prejudice the claims of the Plaintiff Sebastian

Blanco ("Blanco") as a result of Blanco's failure and refusal to comply with this Court's

May 23, 2008 Order ("Order") which required Blanco respond to: (1) Alonso's First

Request For Production of Documents To Blanco ("Document Requests"); and (2)

Alonso's First Set Of Interrogatories To Blanco ("Interrogatories") by July 8, 2008.   A

copy of the Order is attached at Exhibit A.   As reasons therefore, Alonso states as

follows:

1.   On March 27, 2008, Alonso served the Document Requests upon Blanco.

2.   On March 27, 2008, Al                                    es upon Blanco.

3.   Blanco's responses to                         due April 26, 2008.

4.   Blanco's answers to th                         ay 11, 2008.

5.   Blanco failed and refu___            iscovery requests.   **RECEIVED**

SEP 2 4 2008

SHANNON LAW ASSOCIATES, INC.

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

District Court Department
of the Trial Court
Fitchburg Division
Docket No. 0816 CV 0139

| | |
|---|---|
| SEBASTIAN BLANCO,<br>Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| ALONSO CONSTRUCTION, INC.,<br>Defendant. | ) |
| | ) |

## ALONSO'S MOTION AND COMBINED
## MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT
## FOR FAILURE TO COMPLY WITH COURT'S MAY 23, 2008 ORDER

NOW COMES the Defendant Alonso Construction, Inc. ("Alonso") and requests this Court enter an order dismissing with prejudice the claims of the Plaintiff Sebastian Blanco ("Blanco") as a result of Blanco's failure and refusal to comply with this Court's May 23, 2008 Order ("Order") which required Blanco respond to: (1) Alonso's First Request For Production of Documents To Blanco ("Document Requests"); and (2) Alonso's First Set Of Interrogatories To Blanco ("Interrogatories") by July 8, 2008. A copy of the Order is attached at Exhibit A. As reasons therefore, Alonso states as follows:

1.  On March 27, 2008, Alonso served the Document Requests upon Blanco.

2.  On March 27, 2008, Alonso served the Interrogatories upon Blanco.

3.  Blanco's responses to the Document Requests were due April 26, 2008.

4.  Blanco's answers to the Interrogatories were due May 11, 2008.

5.  Blanco failed and refused to respond to Alonso's discovery requests.

6. On May 13, 2008, Alonso filed Alonso's Motion To Compel Blanco's Discovery Responses ("Motion").

7. On May 23, 2008, the Court allowed Alonso's Motion stating:

> Alonso's Motion To Compel Blanco's Discovery Responses ALLOWED (Mandell, J.). This discovery to be completed by 7/8/08. No extensions.

See Exhibit A attached hereto.

8. Alonso has not received any discovery responses from Blanco.

9. Blanco has failed and refused to comply with the Court's May 23, 2008 Order.

WHEREFORE, Alonso Construction, Inc. requests this Court enter an order dismissing with prejudice the claims of the Plaintiff Sebastian Blanco; and/or such other relief as this Court deems just and proper.

ALONSO CONSTRUCTION, INC.
By its attorney,

Francis A. Shannon, III, Esq.
BBO # 560651
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA  02114
(617) 263-1313

## AFFIDAVIT OF NOTICE AND CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a true copy of this document and that I gave notice of Alonso's Motion And Combined Memorandum To Dismiss Plaintiff's Complaint For Failure To Comply With Court's May 23, 2008 Order to be heard on Friday, September 19, 2008, at 9:00 a.m. upon the following party by first class mail, postage prepaid, this _____ day of September, 2008:

James C. Bradbury, Esq.
Amabile & Burkly, P.C.
51 Union Street, Suite 101
Worcester, MA 01608

Francis A. Shannon, III, Esq.

1002:046:mtndismiss

2

# EXHIBIT A

| NOTICE OF PRETRIAL CONFERENCE | DOCKET NUMBER<br>**200816CV000139** | Trial Court of Massachusetts<br>District Court Department<br>Civil Session |
|---|---|---|

CASE NAME  SEBASTION BLANCO  vs.  ALONSO CONSTRUCTION INC.

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>    COURT COPY | CURRENT COURT<br>Fitchburg District Court<br>100 Elm Street<br>Fitchburg, MA 01420-3186<br>(978) 345-2111    *16.* |
|---|---|
| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br><br>    COURT COPY | PRETRIAL CONFERENCE SCHEDULED<br>for 09/26/2008 10:00 AM.<br><br>←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←←<br><br>ROOM/SESSION |

| COURT CONTACT PERSON & TELEPHONE NO.<br>Civil Clerk (978) 345-2111 X214 | JUDGE OR MAGISTRATE (if already assigned) |
|---|---|

A pretrial/conciliation conference will be held at this court on the above date and time.  Pursuant to Mass. R. Civ. P. 16, the parties are **ORDERED** as follows:

1.  **Settlement.**  Plaintiff counsel shall contact opposing counsel to discuss settlement in advance of the conference. Defense counsel shall, after conferring with the defendant(s), respond to any settlement demand made by the plaintiff(s). Counsel for each party shall discuss with their client(s) the estimated costs of further litigation through trial, and shall certify in the pretrial memorandum that such discussion has occurred.

2.  **Memorandum.**  At least three weeks before the conference, plaintiff counsel shall prepare and serve a draft joint pretrial memorandum to opposing counsel, consisting of **no more than 5 pages**, setting forth:  (A) a concise summary of the claim and defenses; (B) a list of witnesses, including experts, and a concise summary of the testimony anticipated from each witness; (C) facts established by pleadings, stipulation or admission; (D) an itemized list of special damages, if any; (E) the estimated length of trial; (F) certification by each counsel that their client(s) have been apprised of estimated litigation costs.  At least two weeks before the conference, defense counsel shall prepare and serve any revisions to such memorandum.  Counsel for all parties shall thereafter confer and, at least one week before the conference, file a joint pretrial memorandum with the court.

3.  **Authority.**  Counsel are expected to have full authority to settle and file stipulations of dismissal or agreements for judgment at the pretrial conference.  All parties shall be available for telephone consultation by counsel during the pretrial conference.

4.  **Continuances.**  Request for continuances of the pretrial conference shall be made in writing and addressed to the attention of the judge named below.  Requests shall specify the next pretrial conference dates that all counsel are available.

5.  **Trial Date.**  A firm trial date will be set by the Court and counsel if the case does not settle at the pretrial conference.

6.  **Sanctions.**  Failure to comply with this order, or failure to appear at the pretrial conference, may result in sanctions including but not limited to assessment of costs, entry of default or dismissal.

7.  **Liaison.**  Please call the court contact person listed above with any questions or to report settlement in advance of the pretrial conference.

Alonso's Motion to Compel Blanco's Discovery Responses ALLOWED (Mandell, J)  This discovery to be completed by 7/8/08. No extensions.

| DATE ISSUED<br>05/23/2008 | JUDGE ISSUING ORDER<br>Hon. Andrew L. Mandell | CLERK-MAGISTRATE<br>C-M David W. Bishop |
|---|---|---|

Date/Time Printed:  05/23/2008 02:56 PM

# EXHIBIT 4

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

District Court
Department
Or the Trial Court
Fitchburg Division
Docket No. 0816 CV 0139

SEBASTIAN BLANCO,
    Plaintiff,

v.

ALONSO CONSTRUCTION, INC.
    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

MOTION FOR VOLUNTARY
DISMISSAL AND OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

9/19/08
Denied

**RECEIVED**

SEP 2 4 2008

SHANNON LAW ASSOCIATES, INC.

Pursuant to the provisions of Mass, R. Civ. P. 41(a) (2), the Plaintiff respectfully opposes Defendant's motion to dismiss and moves that the above-entitled action be dismissed without prejudice. The grounds for this opposition and motion are as follows:

1. Plaintiff's cause of action in this court involves alleged violations of Massachusetts Fair Wage Laws, specifically a failure of the Defendant to pay overtime wages at one and one half times an hourly rate.

2. Plaintiff is one of many employees similarly situated.

3. The alleged conduct of the Defendant is also a violation of the Fair Labor Standards Act.

4. On July 3, 2008 suit was filed in Federal District Court. Plaintiff Sebastian Blanco is a party to this suit and asserts both state and federal law violations.

5. Plaintiff requested the federal court take judicial notice of his filing in state court on February 20, 2008 (See attached Complaint).

6. Upon information and belief there are at least five additional employees represented and others willing to join in a representative action in federal district court.

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

District Court
Department
Or the Trial Court
Fitchburg Division
Docket No. 0816 CV 0139

---

SEBASTIAN BLANCO,
    Plaintiff,

v.

ALONSO CONSTRUCTION, INC.
    Defendant.

---

)
)
)
)
)
)
)
)
)
)
)
)

MOTION FOR VOLUNTARY
DISMISSAL AND OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

---

Pursuant to the provisions of Mass, R. Civ. P. 41(a) (2), the Plaintiff respectfully opposes Defendant's motion to dismiss and moves that the above-entitled action be dismissed without prejudice. The grounds for this opposition and motion are as follows:

1. Plaintiff's cause of action in this court involves alleged violations of Massachusetts Fair Wage Laws, specifically a failure of the Defendant to pay overtime wages at one and one half times an hourly rate.
2. Plaintiff is one of many employees similarly situated.
3. The alleged conduct of the Defendant is also a violation of the Fair Labor Standards Act.
4. On July 3, 2008 suit was filed in Federal District Court. Plaintiff Sebastian Blanco is a party to this suit and asserts both state and federal law violations.
5. Plaintiff requested the federal court take judicial notice of his filing in state court on February 20, 2008 (See attached Complaint).
6. Upon information and belief there are at least five additional employees represented others and willing to join in a representative action in federal district court.

7. As a matter of judicial economy a joinder of cases or a representative action is preferable to many separate actions in several different courts.

8. Counsel for Plaintiff recognizes the gravity of Plaintiff's failure to comply with this court's orders. There are many factors that have contributed to his failure to comply. Among those factors were a change of counsel, language barriers, and a misunderstanding of the consequences.

9. The drastic measure of a dismissal acting as an adjudication on the merits would be a harsh result in a meritorious case which ought to be litigated in federal court.

10. The affect of a voluntary dismissal, without prejudice will dispose of the claim in state court and will probably serve as a bar to damages for violations which are outside the two year statute of limitations for that number of months between the state court filing and the federal court filing of July 3, 2008. This period of about 5 months of damages for state violations is a significant loss to Plaintiff, inuring to the benefit of the Defendant.

WHEREFORE, In the interest of a fair resolution of this matter, Plaintiff respectfully opposes an adjudication on the merits and asks that the court dismiss Plaintiff's claims without prejudice.

Dated: September 18, 2008

PLAINTIFF,
SEBASTIAN BLANCO
By his attorney

TERRENCE A. LOW, ESQUIRE
BBO#544163
LAW OFFICE OF TERRENCE A. LOW
244 BRIDGE STREET
SPRINGFIELD, MA 01103
(413) 785-1510

## AFFIDAVIT OF NOTICE AND CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a copy of the above document upon the following party by facsimile and first class mail, postage prepaid, this 18 day of September, 2008.

Francis A. Shannon, III, Esq.
BBO#560651.
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA 02114

TERRENCE A. LOW, ESQUIRE