UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **MANUEL CRESPO and SEBASTIAN BLANCO,**  *Plaintiffs,*  v.  **ALONSO CONSTRUCTION, INC. and JUAN J. ALONSO,**  *Defendants.* | Civil Action No.  4:08-CV-40129-FDS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH MEMORANDUM AS TO WHY THE MOTION SHOULD NOT BE GRANTED**

Plaintiff, Sebastian Blanco ("Blanco") respectfully opposes Defendants' ("Alonso's") Motion to Dismiss Blanco's state and federal fair wage law claims. As shown herein, a state court ruling "otherwise specifies" dismissal of a previously asserted claim "without adjudicating the merits of the claim". Blanco's claims in this court are therefore not barred by the doctrine of claim preclusion.

**I.  FACTS RELEVANT TO DEFENDANTS' MOTION TO DISMISS**

On or about February 20, 2008, Blanco filed a Complaint against defendant Alonso Construction, Inc. in Massachusetts District Court, Fitchburg Division, ("state court") alleging violations of the Massachusetts Fair Wage Laws. *Exhibit 1*. On July 3, 2008, Blanco and plaintiff Manuel Crespo filed suit in this court alleging violations of both state and federal law, specifically the willful failure of Alonzo to pay overtime

1

wages at fair wage rates.[1] In the Complaint, Plaintiffs referred to the state court filing. See Complaint, Doc. #1 at paragraph 18.

On or about September 2, 2008 Alonso Construction, Inc. served on Blanco's prior counsel a Motion in state court to dismiss the Complaint for failure to comply with a discovery order. Alonzo requested the matter be dismissed with prejudice or "such other relief as this court deems just and proper." *Exhibit 2*.

On or about September 18, 2008 successor counsel filed an Appearance and two Motions in state court: a Motion For Short Order Notice and a Motion for Voluntary Dismissal pursuant to Mass.R.Civ.P.41(a)(2) with Opposition to Defendant's Motion to Dismiss. *Exhibit 3*. Attached to the Opposition was a copy of the Complaint filed in this court.

On September 19, 2008 the Motions were heard before the Honorable Andrew L. Mandell in Fitchberg District Court. On September 22, 2008 Judgment of Dismissal entered in the case. The judge's endorsement on Defendant's Motion read:

> 9/19/08 No discovery has been provided despite my order. The [ Plaintiff ] has filed a similar action in Fed.Ct. Without adjudicating the merits of the claim this motion is allowed."

*Exhibit 4*.

The endorsement on Plaintiff's Motion read: "9/19/08 Denied." No action was taken on Plaintiff's Motion For Short Order of Notice. Neither phrase "with prejudice" or "without prejudice" appears on any notation, endorsement, formal Judgment of Dismissal or Notice of Entry of Judgment. *Exhibit 4*.

---

[1] Upon information and belief, there is at least one other civil action pending in this court arising out of similar facts and circumstances as alleged in this action.

## II. APPLICABLE STATE LAW

Mass. R. Civ. P. Rule 41 governs dismissal of actions. As in the federal rules, involuntary dismissals on Motion of the Defendant are covered by Rule 41(b) (2):

> On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court…

The effect of such a dismissal is governed at Rule 41(b) (3):

> Unless the dismissal is pursuant to paragraph (1) of this subdivision (b), or unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Mass. R. Civ. P. 41 (b) (3).

Sanctions for failure to comply with discovery orders are governed by Rule 37. Rule 37 (b) (2) of the Massachusetts Rules of Civil Procedure, like its federal counterpart, "permits the judge 'wide latitude' to use any or all of the available sanctions in whatever combination it deems just. The court may, if it wishes, devise an order not explicitly listed, so long as the order is 'just', i.e., brings the parties to a just result" Smith and Zobel, Rules Practice, 6 Mass. Practice Series, 2d ed, (2006) 541. Citing, <u>Atlas Tack Corp. V. Donabed</u>, 47 Mass. App. Ct. 221, 224, 712 N.E.2d 617, 620 (1999). "In aggravated cases…, and even, in extreme situations, dismissing the action or permitting judgment by default" is permissible in the sound discretion of the judge. Smith and Zobel, citing, Mass. R. Civ. P. 37(b) (2)(c).

### III. ARGUMENT

Alonzo's Motion should be denied because the state court order for dismissal "otherwise specified" dismissal without adjudication upon the merits of the claim. Although the court does not refer to the rule upon which dismissal was made, involuntary dismissal under Mass. R. Civ. P. Rule 41 (b) (3) does not operate as an adjudication upon the merits if saving language is used in the order. Specifically, Rule 41 (b) (3) operates as an adjudication upon the merits with exceptions including "or unless the court in its order for dismissal otherwise specifies." Mass. R. Civ. P. Rule 41 (b) (3). Since the court in its order for dismissal otherwise specified: "without adjudicating the merits of the claim…" the order for dismissal falls within one of the exceptions and therefore does not operate as a bar to litigation in this court.

It is not necessary or required that the phrase "without prejudice" be used in order that a claim dismissal be considered as such. "It is always permissible to ascertain the issues determined in the earlier case by examination of the record of the court in which it went to judgment." Wight v. Wight, 272 Mass. 154, 156 (1930). (Where neither term was used, dismissal of a prior case was "without prejudice" upon examination of lower court record). Examination of the state court record, the judge's endorsement, including reference to this federal action and the omission of the words "with prejudice" shows that the state law claim was intended to be dismissed without the effect of an adjudication upon the merits of the claim.

Alonso's motion in this court should be denied because dismissal in state court without adjudication upon the merits was none-the-less a substantial discovery sanction. Sanctions under Rule 37(b)(2)(c) do not mandate the ultimate penalty for Mr. Blanco's error. As argued in his Opposition, *Exhibit 4*, the effect of dismissal in state court will no doubt serve as a bar to the recovery of damages outside the two year state law statute of limitations. This period of about five months between the state court filing and filing in this court potentially represents a significant monetary loss, particularly where Plaintiffs intend to prove intentional and willful violations. Since Judge Mandell was made aware of this, it is likely that the court felt Blanco was justly punished for his error.

If the state court had intended to impose the ultimate sanction on Blanco it easily could have made such harsh decision clear in its order. Nowhere in the judge's endorsements or in the Judgment of Dismissal or Notice of Entry does the phrase "with prejudice" appear. Since such phrase is not used and since saving language is used, the court's intention is manifest as a dismissal so-called "without prejudice."

Alonso's motion should also be denied because Blanco has a meritorious cause of action that should be allowed hearing. Plaintiffs allege and are prepared to prove that defendant Juan J. Alonso, president and treasurer of Alonso Construction, Inc. had a practice of hiring and paying employees, recently immigrating from South America, 40 hours of "straight" time on the books and cash at straight time rate, over 40 hours. When proved this will show that his conduct was a willful violation of both state and federal law.

## IV CONCLUSION

WHEREFORE, because it is apparent in the state court record that dismissal was made without intending adjudication upon the merits of the claim, Sebastian Blanco respectfully requests the court deny Defendant's Motion to Dismiss and allow Plaintiff to prove the merits of his claims.

Dated:  November 24, 2008

PLAINTIFFS,
MANUEL CRESPO and
SEBASTIAN BLANCO
By Their Attorney,

/s/_Terrence A. Low_____

Terrence A. Low, Esquire
Law Office of Terrence A. Low
BBO#544163
244 BRIDGE STREET
Springfield, MA 01103
T: (413) 785-1510
F: (413) 736-5640
terry@terryalow.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 24th day of November, 2008.

/s/Terrence A. Low_____

Terrence A. Low, Esquire
BBO#544163
244 BRIDGE STREET
Springfield, MA 01103
T: (413) 785-1510
F: (413) 736-5640
terry@terryalow.com