UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| MANUEL CRESPO and SEBASTIAN BLANCO,<br>*Plaintiffs*,<br><br>v.<br><br>ALONSO CONSTRUCTION, INC. and JUAN J. ALONSO,<br>*Defendants*. | Civil Action No. 4:08-CV-40129-TSH |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY

The Plaintiffs seeks to introduce the testimony of Certified Public Accountant David R. Ojerholm (Ojerholm) to calculate the number of overtime hours that each plaintiff worked. These calculations require some technical expertise including: 1) examination of payroll records involving variations in pay scales at certain times (12 to 13 dollars per hour) and 2) compiling data from records that are incomplete. In order for the Plaintiffs to prove damages there must be assumptions based on the evidence to come up with a figure that represents a reliable and accurate estimation. Accordingly, an expert in the accounting field is necessary in this case to accurately determine how much the plaintiffs have been underpaid.

The defendants' Motion *In Limine* to exclude the opinion of Ojerholm should be denied. According to Federal Rule of Evidence 702 (FRE 702), if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" a qualified witness may testify in the form of opinion so long as "1) the testimony is based on sufficient facts or data; 2) the testimony is the product of reliable principles and methods; and 3) the witness has applied the principles and methods reliably to the facts of the case." Here, plaintiffs' introduction of Ojerholm's opinion undoubtedly meets the requirements of FRE 702. Ojerholm is a certified public accountant and thereby acquires both the qualifications and specialized knowledge to offer a reliable opinion. Ojerholm's testimony is based on the most sufficient facts and data that this case offers, especially considering that the absence of more

1

reliable data and facts will be shown to be a direct result of the defendants' violations of law. Furthermore, Ojerholm's opinion is formed on the type of reasoning, analysis and mathematics that is reasonably relied upon in the accounting field. These methods were applied to the plaintiffs' situation in a reliable manner.

The defendants claims that Ojerholm's testimony should be excluded because it "recites the results of simple mathematical calculations which can be made by anyone with a high-school level education and is, therefore, not a proper subject for expert testimony." To support his position, the defendants cites *U.S. v Shay*, 57 F.3d 126, 132 (1st cir. 1995)(*Shay*), which states "unless the opinions are informed by expertise, they are no more helpful than the opinions of a lay witness."

The defendants' reasoning for excluding Ojerholm's testimony is faulty. Although Ojerholm does in fact use some simple mathematics, his opinion is based on much more than simple mathematics. Contrary to the defendant's position, the record reflects that Ojerholm's opinion is based on years of professional experience involving CPA work and litigation support, a college education, and skills in presenting the information in an understandable and supportable format (Exhibit A, Ojerholm Deposition, page 49) Thus, the totality of Ojerholm's opinion is clearly derived from technical expertise. Accordingly, *Shay* has no application here and it does not support the defendants' position.

The defendants' also claims that Ojerholm's testimony would unjustly persuade the jury as to what result to reach. He relies on *Securities And Exchange Commission v Goldsworthy*, No 06-10012-JGD, 2008 U.S. Dist. LEXIS 62223, *4 (U.S. Dist. Ct., D Mass., Jan. 3, 2008)(*Goldsworthy*) which states "an expert opinion must be helpful to the trier of fact and should not be admitted where it 'would **merely** tell the jury what result to reach." The defendants' use of *Goldsworthy* does not support his position. Ojerholm's testimony does not "merely tell the jury what result to reach." In fact, given the incomplete nature of Defendants' records, varying pay rates, and the defendant's failure to maintain adequate records as proscribed by law, such an expert opinion in the form of the accountant is necessary to eliminate confusion for the jury. Because Ojerholm's testimony aims to help the jury assess the amount that the plaintiffs have been underpaid, and it is even necessary for the jury to accurately assess

the amount that the plaintiffs have been underpaid, it clearly does more than "merely tell the jury what result to reach." For the reasons stated above, *Goldsworthy* is inapplicable to this case.

Ojerholm's testimony is highly probative, is not prejudicial and it reduces the possibility of juror confusion. The defendant's claim that Ojerholm's testimony "merely tells the jury what result to reach," however, raises an issue under Federal Rule of Evidence 403 (FRE 403). According to FRE 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." As discussed above, this case involves examining payroll records involving intermittent variations in pay scales, compiling data from records and making assumptions that are incomplete. These calculations require some technical expertise. Without the help of a qualified accountant, the jury would be at risk of confusion. The jury will be better off using Ojerholm's testimony to not only see the data and facts in a presentable and understandable manner, but they will also see how they can approach the facts in a way that will enable them to better make their own assessment of the amount that the plaintiffs have been underpaid. Because Ojerholm's testimony is probative, non-prejudicial and it will reduce the possibility of juror confusion, it should not be excluded.

In the alternative, if the court finds that Ojerholm's testimony is not based on technical knowledge, and therefore should not be admitted under FRE 702, Ojerholm's testimony should then be admitted under Federal Rules of Evidence 701(FRE 701). FRE 701 states "if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of rule 702." If Ojerholm's testimony was not considered scientific then it would automatically satisfy the requirement of FRE 701(c). Furthermore, Ojerholm's testimony would also satisfy FRE 701(a) because his opinion is based on his own perception of the available time cards and other data that was presented to him. Ojerholm's testimony also satisfies FRE 701(b) because, for the reasons discussed above, it would be helpful to the

3

jury in determining how much the plaintiffs have been underpaid which is the ultimate fact in issue in this case. Accordingly, if Ojerholm's testimony is inappropriate pursuant to by FRE 702, it can still be admitted under FRE 701.

**WHEREFORE**, Plaintiffs' oppose Defendants' Motion *In Limine* to exclude the testimony of David R. Ojerholm.

Dated: October 19, 2010

PLAINTIFFS,
MANUEL CRESPO and SEBASTIAN BLANCO
By Their Attorney,

/s/ Terrence A. Low
Terrence A. Low, Esquire
BBO#544163
Law Office of Terrence A. Low
244 Bridge Street
Springfield, MA 01103
T: (413) 785-1510
F: (413) 736-5640
terry@terryalow.com

## CERTIFICATION OF SERVICE

I, Terrence A. Low, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2010.

/S/Terrence A. Low