UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| MANUEL CRESPO and<br>SEBASTIAN BLANCO,<br>    Plaintiffs,<br><br>v.<br><br>JUAN J. ALONSO and<br>ALONSO CONSTRUCTION, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-40129 TSH |

**ALONSO'S MEMORANDUM IN SUPPORT OF
ALONSO'S MOTION *IN LIMINE* TO EXCLUDE DAMAGES
AFTER SEPTEMBER 22, 2006 BY PLAINTIFF SEBASTIAN BLANCO**

NOW COME the Defendants Alonso Construction, Inc. ("ACI") and Juan J. Alonso ("Mr. Alonso") (collectively, ACI and Mr. Alonso are referred to as "Alonso") and, pursuant to Fed. R. Civ. P. Rule 26(a), Rule 26(e) and Rule 37(c)(1), move to exclude any claim for damages by Plaintiff Sebastian Blanco ("Blanco") which were allegedly incurred after September 22, 2006.  As reasons therefor, Alonso states:

1. In the Initial Disclosures Of Sebastian Blanco ("Initial Disclosures") and Plaintiff Sebastian Blanco's Answers To Defendants' Interrogatories ("Answers To Interrogatories"), Blanco indicated his intent to seek damages for allegedly unpaid overtime wages through September 22, 2006;

2. Blanco has never amended or supplemented his Initial Disclosures or Answers To Interrogatories with respect to his claimed damages as required by Fed. R. Civ. P. Rules 26 and 37;

3. Upon information and belief, Blanco intends to seek damages up to and including July 22, 2007 at the trial of this matter; and

4. Alonso seeks the limited relief of holding Blanco to his previous disclosures at the trial of this matter.

In further support hereof, Alonso states as follows:

I. **BACKGROUND AND PROCEDURAL POSTURE**

Blanco filed his Complaint alleging violations of the Fair Labor Standards Act ("FLSA") and the Massachusetts Minimum Fair Wage Laws ("MFWL") by Alonso and seeking payment of overtime wages allegedly unpaid between July 3, 2005 and Blanco's last date of work for Alonso.

On April 17, 2009 Blanco served the Initial Disclosures upon Alonso. Exhibit A. In the Initial Disclosures, Blanco furnished a calculation of his claimed damages pursuant to Fed. R. Civ. P. Rule 26(a)(1)(C) through September 22, 2006. Id. On June 11, 2009, Blanco served his Answers To Interrogatories upon Alonso and, in response to a specific request for Blanco to "state … the specific dates for which you claim wages, compensation and/or damages are due," Blanco again calculated his damages through September 22, 2006. Exhibit B at Interrogatory No. 3.

At the deposition of Blanco a package of documents containing weekly timecards was marked as an Exhibit. Exhibit C, Deposition Of Sebastian Blanco ("Blanco Depo.") at 55:17 – 59:24. Said timecards included the period from the week ending January 2, 2005 through the week ending July 22, 2007. Blanco sustained an injury, allegedly while working for Alonso, on September 22, 2006 but, according to his testimony at his deposition, returned to work for Alonso approximately two (2) weeks later and, after

taking a trip to his native Uruguay, again returned to work for Alonso in March, 2007. Id. at 68:12 – 70:1.  Blanco, despite returning to work full-time and performing his regular duties after his accident, collected Workmen's Compensation benefits without informing Alonso's insurer of his return to work.  See Mass. Gen. L. c. 152, § 8(2)(c) (permitting insurer to reduce or discontinue payments if employee returns to work).

Trial in this matter is presently scheduled to begin on October 25, 2010 with a final pretrial conference date of October 22, 2010.

## II.     LEGAL STANDARD

"*Rule 26(e)* imposes a duty to supplement a *Rule 26(a)* initial disclosure or a response to an interrogatory 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.'"  AVX Corp. v. Cabot Corp., 251 F.R.D. 70, 76 (D. Mass. 2008) (quoting Fed. R. Civ. P. Rule 26(e)).  The supplementations "should be made at appropriate intervals during the discovery period." Fed. R. Civ. P. Rule 26(e), Advisory Committee Note, 1993 Amendments.  See, also, AVX Corp., 251 F.R.D. at 71.

"A party who breaches the duty to disclose a computation of damages under *Rule 26(a)(1)(A)(iii)* and/or the duty to supplement an interrogatory answer 'may not use any undisclosed material as evidence unless it proves that its failure to disclose was harmless or substantially justified.'"  AVX Corp., 251 F.R.D. at 77 (quoting Morrison Knudsen Corp. v. Firemen's Fund Insurance Co., 175 F.3d 1221, 1229 (10th Cir. 1999)).

## III.    ARGUMENT

It goes without saying that Blanco was aware of the time he worked for Alonso at, if not before, the outset of this litigation.  At least by Blanco's deposition on September 8,

3

2009, Blanco's counsel heard Blanco's testimony concerning the dates Blanco worked and had an opportunity to review the timecards which were marked as exhibits thereto. Despite actual knowledge that Blanco's Answers To Interrogatories and Initial Disclosures were materially incorrect or incomplete, Blanco has failed to supplement same in violation of Fed. R. Civ. P. Rule 26(a), Rule 26(e) and Rule 37.

Some sanction is appropriate in this case. See, e.g., The Holmes Group, Inc. v. RPS Products, Inc., No. 03-40146-FDS, 2010 U.S. Dist. LEXIS 102727 (U.S. Dist. Ct., D. Mass., Jun. 25, 2010) ("A party who fails to make appropriate disclosures pursuant to *Rule 26(a)* may be barred from presenting the evidence at trial. *See Fed. R. Civ. P. 37(c).* Alternatively, the Court may impose other sanctions or require payment of reasonable expenses and attorney's fees. *Id.*") (emphasis in original).

While outright dismissal is an extreme sanction and would not be appropriate in this case, Alonso submits a reasonable sanction is to limit Blanco's damages to the period claimed in Blanco's Initial Disclosures and Answers To Interrogatories, which Answers To Interrogatories were signed by Blanco under the pains and penalties of perjury and contain a certification that the document was translated into Blanco's native Spanish. See AVX Corp., 251 F.R.D. at 78 (disclosure of damage calculations after the close of discovery when plaintiff had the information necessary to make such computations during the discovery period was neither harmless nor substantially justified and, therefore, damages were limited). See, also, Exhibits A and B.

## IV. CONCLUSION

WHEREFORE, the Defendants Alonso Construction, Inc. and Juan J. Alonso request the Court preclude Sebastian Blanco, or any other person testifying on his behalf,

4

from testifying as to damages allegedly incurred by Blanco after September 22, 2006 at the trial of this matter on October 25, 2010, in-person, through the introduction of documents into evidence, or through any other presentation to the jury and/or such other relief as this Court deems just and proper.

                                       JUAN J. ALONSO and
                                       ALONSO CONSTRUCTION, INC.
                                       By their attorneys,

                                       /s/ Francis A. Shannon, III
                                       Francis A. Shannon, III, Esq.
                                       BBO # 560651
                                       James N. Worden, Esq.
                                       BBO # 647040
                                       Shannon Law Associates, Inc.
                                       300 Crown Colony Drive, Suite 504
                                       Quincy, MA  02169
                                       (617) 479-1313

## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 20th day of October, 2010.

                                       /s/ Francis A. Shannon, III,
                                       Francis A. Shannon, III, Esq.
                                       James N. Worden, Esq.

1002:049:memoexcludeddamages