UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| MANUEL CRESPO and<br>SEBASTIAN BLANCO,<br>Plaintiffs,<br><br>v.<br><br>JUAN J. ALONSO and<br>ALONSO CONSTRUCTION, INC.,<br>Defendants. | ) | C.A. No. 08-40129-TSH |

**PROPOSED JURY INSTRUCTIONS OF**
**JUAN J. ALONSO AND ALONSO CONSTRUCTION, INC.**

**October 23, 2010**

## I. INTRODUCTION

MEMBERS OF THE JURY:

You have heard the evidence in this case. It is now my duty to instruct you on the law that you must follow and apply. When I have finished, you will begin your discussion with each other – what we call your deliberations.

To help you understand and remember these instructions on the law, I will divide them into three main parts: First, opening general instructions defining your duties as jurors; second, instructions about the claims and defenses asserted in this case, about questions you will be asked to answer (as stated in the verdict form), and about the law you must apply in considering these questions; and third, some additional general instructions about procedures during your deliberations.

**A. <u>Opening General Instructions</u>**

1. All of my instructions are about the law. I do not mean for any of my instructions to be understood by you as a comment by me on either the facts or the evidence in this case. It is your function to determine the facts. You are the sole and exclusive judges of the facts. You do not need to resolve every dispute of fact raised by the evidence, but in order to know which factual disputes are important, you need to know what rules of law apply.

2. You must follow all of the rules as I explain them to you. You should not focus on any one or several parts of these instructions. You are to consider all of these instructions together as a whole.

3. The lawyers are allowed to comment both on the evidence and on the rules of law in their opening and closing statements. However, if what they say about the evidence differs from your memory, let your collective memory control. Also, if what they say about the law seems different to you than my instructions on the law, you must be guided only by my instructions.

4. Even if you disagree with one or more of the rules of law I tell you about, or do not understand the reason for some of the rules, you are bound to follow them. This instruction is a fundamental part of our system of government by law rather than by the individual views of the judge and jury who have the responsibility for deciding this case.

5. You must not read into these instructions, or into anything I may have said or done during the course of this trial, as suggestions by me as to what verdict you should return – that is a matter entirely for you to decide.

**B. Evidence**

6. In your fact finding, you are not to be swayed by bias, prejudice, sympathy, or antagonism. It is your function to find the facts fairly and impartially on the basis of the evidence presented in this case.

7. In reaching your verdict you may consider only the documents and any other exhibits received in evidence, the sworn testimony of the witnesses in court, their prior sworn testimony by deposition, and any facts that have been stipulated to, that is, formally agreed to by the parties. If the parties stipulate that a certain fact is true, you must accept it as true.

**What Is Not Evidence**

8. Certain things are not evidence and you may not consider them as evidence in deciding what the facts are.

9. Throughout the trial, you have heard lawyers asking questions of witnesses, other lawyers, and me. You have also heard lawyers object to questions asked by another lawyer and to answers by witnesses. Questions and objections by lawyers are not evidence. It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence. They also had an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing. The purpose of such objections and ruling is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth. In objecting, a lawyer is requesting that I make a decision on a

question of law or procedure. This is the function and responsibility of the attorneys here. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They are not evidence and should not be considered by you or influence your thinking about facts.

10. When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. If you heard an answer to the question before my ruling, you are to disregard it – that answer is not evidence. Therefore, in your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, struck, or told you not to consider.

11. Arguments and statements by lawyers are not evidence.

12. Anything you may have seen or heard when the Court was not in session is not evidence.

**Inferences**

13. Although you may consider the evidence presented in this case, in considering that evidence you are not limited to the bald statements made by the witnesses or contained in the documents. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience. Inferences must be based on probabilities, not possibilities. Basically, an inference is a deduction or conclusion that your experience, reason, and common sense lead you to draw from facts that you find are provided by evidence. It is not a suspicion or a guess, but rather a

logical conclusion that a fact, which is disputed, exists on the basis of another fact which has been shown to exist.

**Direct and Circumstantial Evidence**

14. There are two types of evidence: "direct evidence" and "circumstantial evidence." Direct evidence is testimony of a witness showing first-hand observation of a fact by that witness. For example, the person outside watching it rain who later testifies it was raining. Circumstantial evidence, on the other hand, is proof of some facts – including events and circumstances – on the basis of which you may infer the existence or nonexistence of an additional fact or facts. For example, you may infer that it was raining based on testimony from a witness that he saw people enter the lobby with wet raincoats and umbrellas. Direct and circumstantial evidence have equal standing in the law. You are entitled to consider both types of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

**Credibility**

15. An important part of your job as jurors will be deciding whether you believe what each person had to say, and how important that testimony was. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. You may accept any, all, or none of the testimony of a witness. It is up to you to decide who to believe and which facts are true.

16. You may want to take into consideration such factors as the conduct and demeanor of the witnesses while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the

case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony and of the completeness of their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

17. The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

18. The mere number of witnesses or length of the testimony or number of exhibits has no bearing on what weight you give to the evidence, or on whether you find that the burden of proof has been met. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

19. A witness may be discredited or impeached by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

20. You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or

hear it differently. Innocent mis-recollection, like failure of memory, is a common experience. In weighing the effects of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

21. On the other hand, you are not required to accept testimony, even if uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that testimony is not worthy of belief. You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part. If you do not believe the testimony of a witness as to a fact, that does not necessarily mean that the opposite fact is true.

22. You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

23. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Use Of Interpreters**

24. Languages other than English have been used in this trial. You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

25. The evidence to be considered by you is only that provided through the official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation of the witness's testimony and disregard any different meaning.

**Burden of Proof**

26. As I told you during my preliminary instructions at the beginning of this trial, because this is a civil case, the preponderance of the evidence burden of proof applies. Remember, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence, as when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.

27. What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that case, you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that

the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of the evidence.

28. In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, including prior sworn testimony by deposition and all exhibits received in evidence, regardless of who may have produced or offered such evidence. The burden of proof has not been carried if, after you have considered all the evidence, you find that you must speculate, guess, or imagine that one or more of the necessary facts is true.

29. In this case, Sebastian Blanco and Manuel Crespo each have the burden of proof on their individual claims for violation of the Fair Labor Standards Act and the Massachusetts Fair Wages Act and for recovery of damages, which I will describe for you in more detail later.

**<u>Use Of Expert Testimony</u>**

30. Some witnesses, because of their education or experience, are permitted to state opinions and the reasons for those opinions on matters which may be outside of the knowledge of the average person. This opinion testimony should be judged like any other testimony. You may accept it or reject it and, if you accept the testimony or part of the testimony, give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in the case. Fed. R. Evid. Rules 602 and 701-705.

31. Certain charts or summaries not accepted into evidence have been shown to you in order to help explain the contents of books, records, documents or other evidence in

the case. They are not themselves proof of any facts. If they do not correctly reflect the facts or figures found by you from the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

32. Certain charts or summaries have been received into evidence to illustrate information brought out in the trial. These charts and summaries are only as good as the underlying evidence which supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**The Jury Verdict Form**

33. In this case, I will submit a verdict form to you. A verdict form is simply your written answers to specific questions and, ultimately, the verdict that you reach. You will have the original of this form in the jury room and when you have reached your verdict, you will have your foreperson fill in, date and sign the form to state the verdict upon which you agree. I will have the clerk give you copies of the verdict form after I complete my instructions on the substantive law which you are to apply in this case.

## II. INSTRUCTIONS REGARDING SPECIFIC CLAIMS

### A. Fair Labor Standards Act

34. This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime wages. The plaintiffs claim the defendants did not pay them the full amount of overtime wages required by law. In order to prevail on this claim, the plaintiffs must prove each of the following facts by a preponderance of the evidence:

i. That the plaintiffs were employed by the defendant during the time period involved;

ii. That the plaintiffs were employees either engaged in commerce or the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

iii. That the defendant failed to pay the plaintiffs the full amount of overtime wages they were entitled to.

In the verdict form that I will explain to you in a moment, you will be asked to answer a series of questions concerning each of these factual issues for each of the plaintiffs.

35. The parties have stipulated to the first fact – that each of the plaintiffs was employed by the defendant – and you should consider that as having been established.

36. With respect to the second fact – that the plaintiffs were employees either engaged in commerce or the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce – the term "commerce" has a very broad meaning and includes any trade, transportation, transmission or communication between any place with a state and any other place either within the same state or outside of the state. The plaintiffs were "engaged in the production of goods" if either or both of the plaintiffs were employed in producing, manufacturing, mining, handling or transporting goods or worked in any closely related process or occupation directly essential to the production of goods. Finally, a enterprise is "engaged in commerce or the production of goods for

commerce" under the Fair Labor Standards Act if it has employees engaged in commerce or the production of goods and has annual gross sales of at least $500,000.00.

37. With respect to the third fact – that the defendants failed to pay the plaintiffs all of their overtime wages at the prescribed rate of pay – the Act requires an employer to pay its employees at least one and one-half times their regular rate of pay for overtime work. An employee's regular rate of pay is the basis for calculating any overtime due to the employee.

38. In this case, there is an allegation by one of the plaintiffs, Manuel Crespo, that he was directed to falsify his time cards and, therefore, that his timecards do not show the total number of hours that he worked. Alonso denies those allegations. Your determination on this issue is relevant to this matter because, under the Fair Labor Standards Act, in order to recover damages one must be "employed." As defined by the Act, "employ" means "to suffer and permit to work." "The words 'suffer' and 'permit' as used in the statute mean 'with the knowledge of the employer.' Thus, 'where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the Act].'" Prime Communications, Inc. v. Sylvester, 34 Mass. App. Ct. 708, 711 (quoting Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.3d. 413, 414 (9th Cir. 1981)).

39. If, after considering all of the evidence, you find that one or both of the plaintiffs have failed to prove one or more of the elements of their claim, your verdict must be for the defendants.

40. If you find that one or both of the plaintiffs have proven their claim, then you must turn to the question of the damages which the plaintiffs are entitled to recover.

41. The measure of damages under the Fair Labor Standards Act is the difference, if any, between the overtime wages you determine that the plaintiffs were paid and the overtime wages you determine the plaintiffs should have been paid under the Act.

42. In considering the issue of the plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for the plaintiffs' damages, no more, and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. Damages also do not include sums for court costs or attorney's fees. Neither can damages be based on speculation or guesswork because only actual damages, what the law calls compensatory damages, can be recovered.

43. Under the Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

44. To qualify as *bona fide* meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or

personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty. An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bon fide* meal period by being on-call with some limited duties, if the employee otherwise spends his or her time and attention predominantly in pursuit of personal or private interests. 29 C.F.R. § 785.19.

45. The plaintiffs are entitled to recover lost wages from the present time back to no more than two (2) years before this lawsuit was filed on July 3, 2008, unless you find that the plaintiffs have proven by a fair preponderance of the evidence that the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA, the plaintiffs are entitled to recover lost wages from the present time back to no more than three (3) years before this lawsuit was filed. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

**B. Massachusetts Fair Wage Laws**

46. The plaintiffs have also made a claim under the Massachusetts Fair Wage Act which also provides for the payment of overtime at one and one-half times an employee's regular hourly rate for work in excess of forty (40) hours in a work

week. In order to prevail on this claim, the plaintiffs must prove each of the following facts by a preponderance of the evidence:

i. That the plaintiffs were employed by the defendant during the time period involved;

ii. That the defendant is an employer, defined as an individual, corporation, partnership or other entity, including any agent thereof, that engages the services of an employee or employees for wages, remuneration or other compensation and that the plaintiffs were the defendants' employees; and

iii. That the defendant failed to pay the plaintiffs overtime pay at the rate required by law.

47. The parties have stipulated to the first fact – that each of the plaintiffs was employed by the defendant – and you should consider that as having been established.

48. With respect to the third fact – that the defendants failed to pay the plaintiffs all of their overtime wages at the prescribed rate of pay – the Massachusetts Fair Wage Act requires an employer to pay its employees at least one and one-half times their regular rate of pay for overtime work. An employee's regular rate of pay is the basis for calculating any overtime due to the employee.

49. If, after considering all of the evidence, you find that one or both of the plaintiffs have failed to prove one or more of the elements of their claim, your verdict must be for the defendants.

50. If you find that one or both of the plaintiffs have proven their claim, then you must turn to the question of the damages which the plaintiffs are entitled to recover.

51. The measure of damages under the Massachusetts Fair Wage Act is the difference, if any, between the overtime wages you determine that the plaintiffs were paid and the overtime wages you determine the plaintiffs should have been paid under the Act.

52. In considering the issue of the plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for the plaintiffs' damages, no more, and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. Damages also do not include sums for court costs or attorney's fees. Neither can damages be based on speculation or guesswork because only actual damages, what the law calls compensatory damages, can be recovered.

53. Under the Massachusetts Fair Wage Act, the plaintiffs are entitled to recover lost wages from the present time back to no more than two (2) years before this lawsuit was filed on July 3, 2008. Unlike the Fair Labor Standards Act, there is no possibility for the plaintiffs to recover for a longer period of time.

## III. <u>Procedures During Deliberations</u>

54. Members of the jury, it is now time for the case to be submitted to you and for you to start your discussions – what we call your deliberations. When you consider the evidence in this case, the foreperson will assure that every juror is present during all your deliberations and that all jurors, the foreperson included, will have equal and

full opportunity to participate in the deliberations. The fact that one of you has been elected as foreperson does not give that person special status in your deliberations. You are all equal. The foreperson is merely a moderator to ensure that your deliberations are orderly. Whenever you need a recess of any purpose, your foreperson may declare a recess. Do not discuss the case during the recess. All your discussions of the case should occur only when you are all together and your foreperson has indicated that deliberations may proceed. This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all that other members of the jury say.

55. Once you are in the jury room, if you need to communicate with me, the foreperson will send a written message to me through the Court Officer. However, do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict. On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the Court Officer orally rather than in writing. You are not to communicate with anyone but me about the case, however, and then only in writing.

56. A form verdict has been prepared for your convenience.

**Explain Verdict Form**

The foreperson has the original verdict form. When you have reached your verdict, your foreperson should fill in, date, and sign it to state the verdict upon which you agree. You will then return with your verdict to the courtroom. Your verdict must

be unanimous, that is, all of you must agree on the verdict in this case as relates to both liability and damages. Fed. R. Civ. P. Rule 48.

57. In reaching your verdict, you should confer together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments. Your deliberations will be secret; you will never have to explain your verdict to anyone. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence in the case with your fellow jurors. In the course of deliberations, you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. However, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinions of other jurors or for the mere purpose of returning a unanimous verdict.

58. The fact that I earlier instructed you concerning the issue of plaintiffs' damages should not be interpreted in any way as an indication that I believe the plaintiffs should, or should not, prevail in this case.

59. Remember, that in a very real way, you are judges – judges of the facts on this case. Your only interest is to seek the truth from the evidence in this case.

60. You may now go to the jury room and commence your deliberations.

JUAN J. ALONSO and
ALONSO CONSTRUCTION, INC.
By their attorneys,

James N. Worden
Francis A. Shannon, III, Esq.
BBO # 560651
James N. Worden, Esq.
BBO # 647040
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA 02114
(617) 263-1313

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 21st day of October, 2010.

James N. Worden
Francis A. Shannon, III, Esq.
James N. Worden, Esq.

1002:049:juryinstructions-Alonso