UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| MANUEL CRESPO and SEBASTIAN BLANCO,<br>*Plaintiffs,*<br><br>v.<br><br>ALONSO CONSTRUCTION, INC. and JUAN J. ALONSO,<br>*Defendants* | Civil Action No. 4:08-CV-40129-TSH |

**PLAINTIFFS' TRIAL BRIEF AND REQUEST FOR SUBSTANTIVE LAW JURY INSTRUCTIONS**

Plaintiffs incorporate by reference in this Trial Brief Plaintiff's Concise Summary of Evidence as to Liability and Damages, facts and issues as appear in the Joint Pre-Trial Memorandum.

At the close of Plaintiffs' case, it is anticipated that Plaintiffs will present a Motion for Directed Verdict on the issue of liability. If allowed jury instructions may be limited to instructions on damages and, perhaps, whether Defendants' violations were willful. Plaintiffs therefore respectfully make the following requests and alternative requests for substantive law jury instructions:

### 1. GENERAL INSTRUCTIONS

The Fair Labor Standards Act (FLSA) and Massachusetts Minimum Fair Wage Laws (Massachusetts General Laws Chapter 151 section 1B) require an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for

"overtime" work. The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. In this case the hourly rates of pay have been agreed upon and you have heard evidence concerning how many hours of overtime the Plaintiffs claim they worked. The overtime rate of pay is one and one-half the regular rate and would be owing for each hour in excess of 40 hours worked during the work week. If you find that a Plaintiff worked in excess of 40 hours in a week and was not paid the overtime rate, you must then decide what is owed.

2. (Alternate instruction on damages) In this case, the Court has already determined that the Plaintiff worked overtime hours for which they were not paid, and that the Defendant knew, or should have known, that the Plaintiff worked these hours. Your role, therefore, will be to determine the amount of damages due to the Plaintiff. The measure of damages is the difference between what the Plaintiff should have been paid under the FLSA and State Law and the amount that you find the Plaintiff actually was paid.

## 2. EMPLOYER'S RECORDS

The law requires employers to keep records of the number of hours actually worked by its employees subject to the Act. The law requires those records show the number of hours worked each work day and the total hours worked each work week. If an employer fails to maintain accurate or adequate records which show the number of hours worked each work day, and the total hours worked each work week, the Plaintiff may show the amount and extent of their hours of work as a matter of just and reasonable inference by

providing testimony or documents. If an employee does so, the burden then shifts to the Defendant to come forward with evidence of the precise amount of work performed each workweek, or evidence to negate the reasonableness of the inferences to be drawn from the Plaintiff's evidence. Should the Defendant fail to come forward with either, you must draw whatever reasonable inference from the Plaintiff's evidence as to the amount of hours worked of which the Plaintiff was not compensated for even though the result may only be approximate. The Plaintiff's sufficient evidence may be nothing more than the Plaintiff's credible testimony. A Defendant that failed to maintain complete and accurate records cannot complain that the Plaintiff may not be able to provide an exact amount of overtime hours worked off the clock. Having considered the evidence, you may base your findings regarding total hours worked upon an approximation of the number of hours worked in an average workweek, provided it constitutes a "fair and just approximation under the facts presented." See *Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946); *Olson v. Superior Pontiac*, 765 F.2d 1570, 1578 (11th Cir. 1985); *Donovan v. Grantham*, 690 F.2d 453, 458 (5th Cir. 1982); *Donovan v. Hamm's Drive-Inn*, 661 F2d 316, 318 (5th Cir. 1981).

### 3. WILLFUL VIOLATION

You must determine whether the Defendant willfully violated the Fair Labor Standards Act (FLSA). To prove a willful violation of the FLSA by the Defendant, the Plaintiff must have proven by a preponderance of the evidence that the Defendant either (1) had knowledge that they were violating the FLSA when they failed to pay the Plaintiff's

overtime compensation, or (2) that the Defendant showed reckless disregard for its obligations under the Act when it failed to pay overtime compensation to the Plaintiff.

Dated: October 22, 2010

PLAINTIFFS,
MANUEL CRESPO and SEBASTIAN BLANCO
By Their Attorney,

/s/ Terrence A. Low
Terrence A. Low, Esquire
BBO#544163
Law Office of Terrence A. Low
244 Bridge Street
Springfield, MA 01103
T: (413) 785-1510
F: (413) 736-5640
terry@terryalow.com

## CERTIFICATION OF SERVICE

I, Terrence A. Low, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 22, 2010.

/S/Terrence A. Low